UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| PIERRE JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:25-cv-04147-MMM |
| | ) | |
| BRITTANY GREENE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding pro se, alleges Defendants violated his constitutional rights during his imprisonment at Western Illinois Correctional Center from December 2022 through December 2024. The case is now before the Court for a merit review of Plaintiff's Complaint (Doc. 1).

A. Merit Review Order

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants Warden Brittany Greene, Correctional Lieutenants Foreman, Cooley, and Little, Dietary Supervisor Hillyer, Internal Affairs Officer Gasko, Monica McChilland, Correctional Officers Gerbett, Pope, and Bright, Clarkson, medical contractor Wexford Health Sources, Inc., Dr. Meyer, IDOC Director Latoya Hughes, Assistant Warden Woodridge, John Doe PREA Coordinator, and Comprehensive Prosthetics and Orthotics – Hanger Clinic.

Plaintiff alleges many issues against many Defendants. His Complaint, with attachments, is 156 pages. He interweaves facts over a wide span of time against a wide range of individuals about marginally related incidents. The Complaint reads like a diary of interactions and details over a period of years and draws strained inferences as to the motives of the many individuals named as Defendants, and the connections between such Defendants and allegations. Minutia about daily prison life is interspersed with facts that may – or may not – be relevant to any legal claim. Plaintiff's complaint is dismissed for several reasons as follows.

1. Failure to State a Claim

"Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules ...

is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, the Court finds that Plaintiff's allegations are so muddled and mixed that the Court cannot realistically draw meaningful facts from it such that it could be said to place any Defendant on notice of any specific claim. Plaintiff's Complaint will be dismissed with leave to amend for this reason.

If Plaintiff elects to file an Amended Complaint, he must clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. At the same time, minute details about day to day life cannot be woven in to the point that the complaint is effectively meaningless.

2. Misjoinder of Claims

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ….'" *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims

arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Finally, even claims that are properly joined may be severed in an exercise of the Court's discretion, where doing so would be in the interests of justice and would promote the efficient and effective resolution of all claims.

Plaintiff is squarely implicated by the above rulings. He has filed four prior lawsuits in this District, and a review of the pleadings in those cases shows a familiar pattern: most have initial pleadings well over one hundred pages long; tens, or in some

cases dozens, of named defendants; and often a "put everything out there and see what sticks" approach. *See* 21-cv-1188-KLM, 22-cv-1036-JES, 22-cv-3206-JES, 23-cv-3070-CSB.

Plaintiff has also filed several cases along the same lines in the Southern District of Illinois.

In *Jordan v. Lamb, et al.*, 17-cv-0027-SMY (S.D. Ill. 2017), Plaintiff's 184-page complaint (including exhibits) named eleven defendants. The District Court prepared an extensive Order parsing Plaintiff's pleadings, severed the case into several suits, and dismissed three claims for failure to state a claim. *Id.* at (Doc. 26). Severed into 17-cv-624, 17-cv-625, and 17-cv-626.

In *Jordan v. Lashbrook, et al.*, 17-cv-209 (S.D. Ill. 2017) Plaintiff's extensive complaint again improperly joined many defendants and claims. Several claims were dismissed with prejudice for failure to state a claim. *Id.* at (Doc. 6). The Court undertook to untangle the remaining allegations and severed that complaint into two unrelated suits. *Id.* at (Doc. 11).

In *Jordan v. McCaleb et al.*, 22-cv-2422 (S.D. Ill. 2022) Plaintiff's 52-page complaint named eleven defendants. Again, claims and defendants were dismissed because the complaint did not state a claim against them, but given the scattershot pleadings, some of the suit survived.

This Court cannot, and will not, function as Plaintiff's legal assistant, and attempt to comb through, and make sense of, Plaintiff's morass of allegations, documents, legal conclusions, and theories. Plaintiff has been allowed <u>extensive</u> leeway in the past in bringing frivolous allegations against many defendants that did not state a

claim. He has been rewarded for his omnibus pleading tactics by avoided incurring any "strikes" under the Prison Litigation Reform act because some allegations within his expansive pleadings, liberally construed, were found to plausibly state a claim. This Court declines to so reward Plaintiff with his latest salvo.

Here, the two-year statute of limitations may have run on certain of Plaintiff's claims – again, he says he is pursuing claims based on an over two-year period stretching back into 2022. Thus it is not appropriate under Seventh Circuit precedent to fully dismiss the suit for Plaintiff's egregious pleading violations – though if Plaintiff repeats them the Court may do so as a sanction for willfully ignoring the Court's instructions.

If Plaintiff elects to file an Amended Complaint, and if Plaintiff's Amended Complaint contains unrelated claims based on the legal standards discussed above, the Court will sever this suit into as many distinct lawsuits as Plaintiff's pleading calls for. If the action is severed into multiple cases Plaintiff will incur a separate filing fee for each such case. The Court will <u>then</u> perform a merit review as to each severed case, and will dismiss, and Plaintiff will incur strikes for, dismissed suits that fail to state a claim. Plaintiff's abuse of the federal courts has been extensive and to date unchecked, but will not continue with the processing of this suit.

C. <u>Motion to Request Counsel</u>

Plaintiff's Motion to Request Counsel (Doc. 4) is before the Court.

Plaintiff attaches a letter from Uptown People's Law Center dated January 2, 2025, declining to represent him. It does not indicate any specifics about Plaintiff's

request. He attaches a letter dated January 7, 2025, from the Chicago Lawyer's Committee for Civil Rights, an organization that does not represent individuals in Plaintiff's position. Their denial letter states as much and, like the letter from UPLC, is entirely non-specific as to what sort of legal help Plaintiff requests, or regarding which of his many instances of state court and federal court litigation. Finally Plaintiff attaches a denial letter dated April 7, 2025, from Northwestern Law School's Center on Wrongful Convictions which indicates by its contents that it is responsive to a request for criminal legal assistance.

There is no indication Plaintiff made any serious attempt to find a lawyer on his own, or was prevented from doing so, related specifically to his allegations in this lawsuit, before seeking Court assistance. He must do so. This is normally accomplished by contacting several civil rights attorneys who represent individuals in prison litigation regarding his specific allegations in this specific case and requesting their representation, and providing the Court with copies of such letters he sends out, as well as any responses received, in support of any future request for Court assistance in finding a volunteer lawyer.

Plaintiff's request is denied with leave to renew on this basis.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion to Request Counsel [4] is DENIED.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Plaintiff's Complaint [1] is DISMISSED without prejudice.**

3. **The Court will allow Plaintiff the opportunity to file an Amended Complaint clarifying his claims as stated herein, within 21 days of this**

**Order, if he believes he can do so in good faith. Failure to file an Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

Entered this 3rd day of October, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
