E-FILED
Tuesday, 05 May, 2026  10:38:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

PIERRE JORDAN, )
)
Plaintiff, )
)
v. )                    4:25-cv-04147-MMM
)
BRITTANY GREENE, *et al.* )
)
Defendants. )

## ORDER

Plaintiff, proceeding pro se, alleges Defendants violated his constitutional rights during his imprisonment at Western Illinois Correctional Center from September 2023 through December 2024. The Court dismissed Plaintiff's initial pleading because Plaintiff had not complied with pleading rules for joinder, among other issues. That order spelled out in some detail Plaintiff's extensive history of abusing the judicial process through very similar omnibus pleadings, across several judicial districts. Doc. 11. Plaintiff was allowed time to replead, and his Motion for Leave to Amend (Doc. 12) is granted.

Merit Review Order

The Court must "screen" Plaintiff's amended complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants Warden Brittany Greene, Correctional Lieutenants Foreman and Cooley, and Correctional Officer Pope. This is fewer named Defendants than in his earlier pleading, which is progress. The progress quickly slows.

Plaintiff still alleges many issues against many potential Defendants. Though they are not named in the case caption or his initial list of Defendants, he provides sets of allegations, muddled though they are, against what appears to be at least fourteen individuals that he alleges some form of perceived wrongdoing against.

The Amended Complaint, with attachments, is 86 pages. Progress, down from 156 in the initial complaint, but Plaintiff still interweaves facts over a wide span of time against a wide range of individuals about unrelated incidents. The Amended Complaint still reads like a diary of daily interactions and details over a period of years. Minutia about prison life is still interspersed with facts that may – or may not – be relevant to any legal claim. Plaintiff's Amended Complaint is again dismissed for the following reasons.

1.   Failure to State a Claim

"Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Federal Rules of Civil

Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules … is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Plaintiff improves on his earlier pleading. But the thrust of Plaintiff's complaint remains unclear. There are several issues that *may be* the primary point Plaintiff is trying to pursue. The Court will not amend Plaintiff's claims for him. Plaintiff will be given a final opportunity to amend. He must omit irrelevant factual minutia that does not relate directly to the claim he wants to pursue in this federal lawsuit. He must include enough facts for the Defendant(s) that he wants to sue to be on notice of what he is suing them about.

2. Misjoinder of Claims

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences …." *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R.

Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Plaintiff's Amended Complaint is still squarely implicated by the above rulings. The Court warned Plaintiff in blunt terms in its first Merit Review Order that future violations of these rules would be unacceptable. This suit is close to the end of the road.

Plaintiff appears to include one set of claims for which the two-year statute of limitations has now elapsed – his allegations against Lt. Cooley. Plaintiff is now allowed

to file an amended complaint that relates to those allegations, <u>only</u>. Other situations belong in separate lawsuits, if Plaintiff wants to file them, and pay for them. If Plaintiff again includes multiple dozens of pages of additional allegations about unrelated incidents against different Defendants, Plaintiff will be sanctioned with dismissal of this lawsuit with prejudice pursuant to the Court's inherent power to manage the litigation before it. Plaintiff has already consumed an inordinate amount of Court time with his pleading practices.

"A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)). The Court must give the offending party notice and warning prior to imposing sanctions. "A general notice that the court is contemplating sanctions is insufficient; rather, the offending party must be on notice of the specific conduct for which she is potentially subject to sanctions." *Martinez v. City of Chicago*, 823 F.3d 1050, 1055 (7th Cir. 2016) (quoting *Johnson v. Cherry*, 422 F.3d 540, 551–52 (7th Cir. 2005)).

Plaintiff is now, again, specifically so notified. The Court's initial Merit Review Order was sufficient to put Plaintiff on notice (with an extensive historical review of the breadth of his past litigation abuses) that he must comply with the pleading rules.

Severe sanctions, such as dismissal with prejudice, "should be used judiciously after determining that there is 'a clear record of . . . contumacious conduct' after considering 'the egregiousness of the conduct in question in relation to all aspects of the

judicial process' and considering whether less drastic sanctions are available." *Fuery v. City of Chicago*, 900 F.3d 450, 464 (7th Cir. 2018) (quoting *Barnhill v. United States*, 11 F.3d 1360, 1367–68 (7th Cir. 1993)). "That power is at its pinnacle, however, when contumacious conduct threatens a court's ability to control its own proceedings." *Fuery*, 900 F.3d at 464.

Plaintiff is very near that point here. Lesser sanctions appear futile. Plaintiff has flouted the Court's prior order. But because that order contemplated the Court potentially undertaking more additional work on Plaintiff's behalf, to go down the faulty path of separating various potential suits out of his omnibus pleadings, then ruling on the merits of his many improperly joined claims, this additional order, and warning, is now put forth.

With the current Amended Complaint, and the current named Defendants, there are no apparent claims, aside from his claims against Cooley, that Plaintiff wants to pursue, and that would be time barred. There is therefore no reason for the Court to sever claims into separate lawsuits.

Noncompliance with this order will result in dismissal of this suit with prejudice as a sanction for Plaintiff's abuse of the judicial process, frivolous pleadings, and lack of compliance with Court orders.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion to Amend [12] is GRANTED. Plaintiff's Motion for Status [13], [15] are MOOT.**

2. **Plaintiff's Motion to Reduce Filing Fee Payments [16] is DENIED. Plaintiff has chosen to engage in extensive federal litigation. He has been allowed to**

**proceed with partial payment of fees owed in several suits, appeals, or both. His fee payments will not be reduced.**

3. **Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Plaintiff's Amended Complaint is DISMISSED without prejudice.**

4. **Plaintiff is allowed one final chance to replead. He has 28 days to file a Motion for Leave to Amend, with an attached proposed Second Amended Complaint, in compliance with this Order. If he does not timely do so, the action will be dismissed for failure to state a claim. If a proposed amended pleading still includes multiple unrelated allegations against unrelated Defendants, this action WILL BE DISMISSED WITH PREJUDICE AS A SANCTION.**

Entered this 5th day of May, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE